UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANTHONY VIRGINIA,

                    Petitioner,

vs.                                        Case No. 3:16-cv-1120-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____


**ORDER**

**I.   INTRODUCTION**

Petitioner Anthony Virginia challenges a 2010 Duval County conviction for armed robbery and possession of a firearm by a convicted felon in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).[1] In this Petition, he raises two grounds for habeas relief. Respondents filed a Response to Petition for Writ of Habeas Corpus (Response) (Doc. 17).[2] Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 30). See Order (Doc. 9).

_____

[1] The Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] The Court hereinafter refers to the exhibits in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

## II. CLAIMS

Petitioner raises two grounds in the Petition: (1) "trial counsel rendered ineffective assistance in failing to give Virginia advice regarding the advisability of accepting a 20-year plea offer in violation of the 6th and 14th Amendment[s] of the U.S. Constitution[;]" and (2) "trial court's reliance upon a constitutionally impermissible factor during Virginia's sentence hearing violated Virginia's 5th and 14th right to due process." Petition at 5, 9. Petitioner, in his Reply, concedes the second ground of the Petition. Reply at 1. Therefore, the Court will only address ground one.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). It is a petitioner's burden to establish the need for a federal evidentiary hearing, and here, Petitioner has not met the burden. Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011), cert. denied, 565 U.S. 1120 (2012). The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. Thus, the Court is able to "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir.

2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004). Therefore, no evidentiary proceeding will be conducted.

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" <u>Pittman v. Sec'y, Fla. Dep't of Corr.</u>, 871 F.3d 1231, 1243 (11th Cir. 2017), <u>petition</u> <u>for</u> <u>cert</u>. <u>filed</u>, (U.S. May 18, 2018) (No. 17-9015). This narrow scope of review under AEDPA provides for habeas relief only if there are extreme malfunctions, certainly not to be used as a means to correct state court errors. <u>Ledford</u>, 818 F.3d at 642 (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)).

Federal courts may grant habeas relief:

> only when the adjudication of a federal constitutional claim "on the merits in State court proceedings" either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This narrow evaluation is highly deferential, for a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."

Morrow v. Warden, 886 F.3d 1138, 1146–47 (11th Cir. 2018) (alteration adopted) (internal quotation marks omitted) (quoting Harrington v. Richter, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). The decision of a state court is "contrary to" federal law only if it "contradicts the United States Supreme Court on a settled question of law or holds differently than did that Court on a set of materially indistinguishable facts." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1355 (11th Cir. 2009) (citation and internal quotation marks omitted). The decision of a state court "involves an unreasonable application of federal law if it identifies the correct governing legal principle as articulated by the United States Supreme Court, but unreasonably applies that principle to the facts of the petitioner's case, unreasonably extends the principle to a new context where it should not apply, or unreasonably refuses to extend it to a new context where it should apply." Id. (citation and internal quotation marks omitted). "The question ... is not whether a federal court believes the state court's determination was correct but whether that determination was unreasonable—a substantially higher threshold." Id. (citation and internal quotation marks omitted).

Wilson v. Warden, Ga. Diagnostic Prison, No. 14-10681, 2018 WL 3801598, at *5 (11th Cir. Aug. 10, 2018).

"We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." Morrow v. Warden, 886 F.3d 1138, 1147 (11th Cir. 2018). Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope

v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012)

(quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert.

denied, 568 U.S. 1233 (2013).

In Wilson v. Sellers, 138 S.Ct. 1188, 1194 (2018), the

Supreme Court concluded there is a "look through" presumption in

federal habeas law, as silence implies consent. See Kernan v.

Hinojosa, 136 S.Ct. 1603, 1605-606 (2016) (per curiam) (adopting

the presumption silence implies consent, but refusing to impose an

irrebutable presumption). This presumption is employed when a

higher state court provides no reason for its decision; however, it

is just a presumption, not an absolute rule. Wilson, 138 S.Ct. at

1196. "Where there are convincing grounds to believe the silent

court had a different basis for its decision than the analysis

followed by the previous court, the federal habeas court is free,

as we have said, to find to the contrary." Id. at 1197.

Bearing in mind this recent guidance from the Supreme Court,

this Court undertakes its review. If the last state court to

decide a prisoner's federal claim provides an explanation for its

merits-based decision in a reasoned opinion, "a federal habeas

court simply reviews the specific reasons given by the state court

and defers to those reasons if they are reasonable." Id. at 1192.

But, if the relevant state-court decision on the merits is not

accompanied by a reasoned opinion, for example the decision simply

states affirmed or denied, a federal court "should 'look through'

the unexplained decision to the last related state-court decision that does provide a relevant rationale." Id. At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court; however, the presumption is not irrebutable. Id. See Hinojosa, 136 S.Ct. at 1606 (strong evidence may refute the presumption). Indeed, the state may rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." Wilson, 138 S.Ct. at 1192.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039, 1053 (11th Cir. 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error), cert. denied, 138 S.Ct. 2624 (2018). When applying the stringent AEDPA standard, state court decisions must be given the benefit of the doubt. Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), cert. denied, 568 U.S. 1237 (2013).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both

deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). A counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

In making its determination as to whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment. Id. at 690. When analyzing a claim of ineffective assistance of counsel, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011). And importantly, with regard to the establishment of prejudice requirement, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Of note, some conceivable effect on the outcome does not constitute a reasonable probability. Id. at 693.

Finally, in order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819

(2017).  Indeed, failure to demonstrate either prong is fatal, making it unnecessary to consider the other.  Id.

## VI.  TIMELINESS AND EXHAUSTION

The Petition is timely filed.  See Response at 5-6. Petitioner exhausted ground one in the state court system.  See Response at 8-9.  It is ripe for review.

## VII.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

In ground one, Petitioner raises a claim of ineffective assistance of counsel for failure to properly advise Petitioner to accept a favorable plea offer.  Petition at 5.  In support of this claim, he asserts his trial counsel failed to give advice regarding "the advisability of accepting a 20 year plea offer that was sufficiently robust under the circumstances."  Id.  Petitioner states his counsel described the state's plea offer "as a good offer[.]"  Id.  Petitioner contends "counsel's lukewarm endorsement of the plea offer was simply not enough."  Id.  Petitioner asserts, to be effective, his counsel should have made an explicit recommendation to Petitioner to take the plea.  Id. at 6.

Petitioner raised this claim in Defendant's Supplement to Motion for Postconviction Relief, Ex. C1 at 15-17, Defendant's Amended Motion for Postconviction Relief, id. at 57-58, Defendant's Second Amended Motion for Post-Conviction Relief, id. at 86-87, and Supplemental Ground Three(3) of Defendant's Motion for Post Conviction Relief, Ex. C2 at 267-68.  The state responded.  Ex. C1 at 26-27.

The trial court, before addressing Petitioner's claims of ineffective assistance of counsel, set forth the two-pronged <u>Strickland</u> standard of review. Ex. C2 at 136-37. Also, the trial court noted the attorney who represented Petitioner at trial "is deceased," raising "a difficult challenge" for the court in its attempt to resolve the motion. <u>Id</u>. at 137. Accepting this challenge, the trial court examined Petitioner's claims and reviewed "the record in its entirety." <u>Id</u>.

Of import, the trial court rejected a claim that defense counsel was ineffective for failing to provide Petitioner with all of the facts and state's evidence prior to the plea offer. <u>Id</u>. at 137-38. Petitioner claimed, counsel's failure in this regard made it difficult or impossible for Petitioner to assess the strength of the state's case and make an informed decision concerning whether to accept the plea offer. <u>Id</u>. In denying this claim, the court opined:

> Based on Defendant's allegations, this is not a situation where counsel failed to convey a plea offer, advised Defendant to reject a plea offer, or misadvised Defendant about the maximum penalty he faced. <u>See</u> <u>Alcorn v. State</u>, 121 So. 3d 419 (Fla. 2013). Instead, Defendant maintains counsel failed to adequately review the State's evidence with him so that he could make an informed decision as to whether he should accept the offered plea. It is clear from the record, however, that counsel repeatedly reviewed his file and the State's evidence with Defendant and was prepared for trial. (Exs. E at 5-7, F at 4-8.) As such, the record refutes Defendant's claim and he is not entitled to relief.

Ex. C2 at 138.

The trial court, applying the <u>Strickland</u> standard, also rejected Petitioner's claim of ineffective assistance of counsel for failure to properly advise Petitioner to accept a favorable plea offer. The court, in denying this claim, said: "[t]he only deficiency alleged in this Ground is that counsel did not persuade Defendant forcefully enough to accept the alleged plea offer from the State." Ex. C2 at 140. In finding Petitioner failed to satisfy the first prong of <u>Strickland</u>, the court concluded defense counsel acted competently when he discussed the state's evidence with Petitioner and when he "communicated and endorsed the plea." <u>Id</u>.

In its supplemental order addressing Petitioner's allegations of prejudice raised in his Supplemental Ground Three (3) of Defendant's Motion for Post Conviction Relief, the trial court opined that the additional allegations of prejudice had no impact on its findings regarding the claim of ineffective assistance of counsel because Petitioner failed to meet his burden of proving the first prong of <u>Strickland</u>. <u>Id</u>. at 271-72. As noted previously, both parts of the <u>Strickland</u> test must be satisfied, and the trial court found Petitioner's failure to satisfy the first prong fatal to his claim.

Petitioner exhausted his state court remedies by appealing the denial of his Rule 3.850 motion. Ex. C2 at 295; Ex. C3; Ex. C4. On February 10, 2016, the First District Court of Appeal (1st DCA)

- 10 -

affirmed the decision of the trial court without opinion.  Ex. C5.
The mandate issued on March 8, 2016.  Ex. C6.

Petitioner admits defense counsel informed him of the plea
offer and told him it was a good offer, but Petitioner claims
counsel should have provided advice "laying out in appropriate
stark terms the choices facing Virginia; either accept the plea
offer of 20 years or go to trial without any defense to the firearm
possession charge and a very weak defense to the armed robbery
charge and face a life sentence on count one (1) and 30 years on
count four (4)."  Reply at 3.  In support of this contention,
Plaintiff avers he "was not even informed of the sentencing
exposure he faced if he accepted the plea and if he did not."  Id.
at 4 (citation omitted).  Upon review, this contention is belied by
the record.

The original information is dated May 7, 2009.  Ex. B1 at 13-
14.  Significantly, on August 5, 2009, the state filed it Notice of
Intent to Classify Defendant as an Habitual Violent Felony Offender
(Notice).  Id. at 23-24.  The Notice provides:  the state will seek
to have Petitioner sentenced up to life in prison as to count 1 of
the information without eligibility for release for 15 years, and
sentenced up to 30 years in prison as to count 4 of the information
without eligibility for release for 10 years.  Id. at 23.
Furthermore, the certificate of service of the Notice states that
a copy of the Notice was hand delivered to both Petitioner and his

counsel.  Id. at 24.  The Amended Information followed on September

3, 2009.[3]  Id. at 31-32.

Applying the Strickland, standard, the trial court rejected

this claim of ineffectiveness, finding Petitioner failed to meet

his burden under Strickland of showing his counsel's representation

fell below an objective standard of reasonableness.  Petitioner has

failed to meet this burden because he has not shown that his

attorney's representation was so filled with serious errors that

defense counsel was not functioning as counsel guaranteed by the

Sixth Amendment.  Petitioner has not shown his counsel provided

incorrect advice or failed to give material advice.  Indeed,

Petitioner's trial attorney provided Petitioner with the plea offer

and advised it was a good offer.  There is a strong presumption

that his conduct fell within the wide range of reasonable

professional assistance.  "Although [Petitioner] takes issue with

the ultimate outcome of his case, this is not *proof* of deficiency

under Strickland."  Mostowicz v. United States, 625 F. App'x 489,

494 (11th Cir. 2015) (per curiam).

_____

[3] At trial, Petitioner maintained his innocence and took the
stand.  At sentencing, the prosecutor reminded the court that the
habitual violent felony offender Notice had been previously filed
with the court.  Ex. B1 at 170.  The parties stipulated to the
prior conviction of robbery.  Id. at 170-71.  Defense counsel
argued that at the time of the offense Petitioner was 19 years old,
and the Department had made an alternative recommendation of 15
years in prison, the minimum under the habitual violent felony
offender guidelines.  Id. at 182.  Counsel further noted this
conviction would constitute Petitioner's second offense.  Id.

An attorney need not "strongly recommend" acceptance of a plea

offer.   Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002).

Moreover,

> There is no *per se* rule that defense counsel
> must always expressly advise the defendant
> whether to take a plea offer. Id. at 48.
> "[T]he ultimate decision whether to plead
> guilty must be made by the defendant," and a
> "lawyer must take care not to coerce a client
> into either accepting or rejecting a plea
> offer." Id. at 45.

Meszaros v. United States, 201 F.Supp.3d 251, 268 (E.D.N.Y. 2016)

(quoting Purdy v. United States, 208 F.3d 41 (2nd Cir. 2000)).  By

providing Petitioner with the terms of the plea offer, and by

advising Petitioner it was a good offer, defense counsel properly

steered the course between the "Scylla of inadequate advice and the

Charybdis of coercing a plea[.]" Id. (quoting Purdy, 208 F.3d at

45).

Thus, Petitioner is not entitled to habeas corpus relief on a

claim of ineffective assistance of counsel.  The trial court found

counsel did not render deficient performance under Strickland.  As

previously noted, in order to prevail on his claim of ineffective

assistance of counsel, Petitioner has to satisfy both parts of the

Strickland test.  Bester, 836 F.3d at 1337.  With respect to this

claim, Petitioner failed to do so.  The 1st DCA affirmed the

decision of the trial court in denying this ground.  Therefore,

there is a qualifying decision under AEDPA.

In denying this claim for relief, the trial court concluded Petitioner failed to satisfy the requirements of <u>Strickland</u>. Pursuant to <u>Wilson</u>, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. When considering the claim of ineffective assistance of counsel, this Court must try to eliminate the distorting effects of hindsight, as counseled to do so in <u>Strickland</u>, 466 U.S. at 689. Given due consideration, the Florida court's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground one is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED.**

2.   This action is **DISMISSED WITH PREJUDICE.**

3.   The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[4]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of September, 2018.

_____
BRIAN J. DAVIS
United States District Judge


sa 8/27
c:
Anthony Virginia
Counsel of Record

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.